UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JORGE PEREZ, | ) |
| | ) |
| Plaintiff | ) |
| | )   CAUSE NO. 3:05-CV-294 RM |
| vs. | ) |
| | ) |
| CASS COUNTY JAIL, | ) |
| | ) |
| Defendant | ) |

OPINION AND ORDER

Jorge Perez, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is

>entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Perez alleges that his legal mail was opened accidentally by jail officials outside of his presence on January 18, 2005. He says he met with jail officials who apologized and said that it would not happen again. On March 7, 2005, Mr. Perez alleges that a piece of his legal mail was mis-delivered to another inmate with the same name and that after the other inmate realized the error, the mail was delivered to him.

>We have never held or suggested that an isolated, inadvertent instance of opening incoming confidential legal mail will support a § 1983 damage action. Rather, we agree with other circuits that an isolated incident, without any evidence of improper motive or resulting interference with the inmate's right to counsel or to access to the courts, does not give rise to a constitutional violation.

Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997) (citations, quotation marks, and brackets omitted).

>While a prisoner has a right to be present when his legal mail is opened, an isolated incident of mail tampering is usually insufficient to establish a constitutional violation. Rather, the inmate must show that prison officials regularly and unjustifiably interfered with the incoming legal mail.

Davis v. Goord, 320 F.3d 346, 351 (2nd Cir. 2003) (citations and quotation marks omitted).

> Defendants admitted to opening one piece of Smith's constitutionally protected legal mail by accident. Such an isolated incident, without any evidence of improper motive or resulting interference with Smith's right to counsel or to access to the courts, does not give rise to a constitutional violation.

Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990).

There was a single incident where jail officials opened Mr. Perez's legal mail. About two months later, there was a single incident where his legal mail was opened by another inmate with the same name to whom it had been mis-delivered. These isolated, inadvertent incidents do not state a claim.

Mr. Perez alleges that when he threatened to sue the jail, officials responded with an ethnic slur. Verbal abuse and harassment do not state a claim. DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.")

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A. SO ORDERED.

ENTERED: May  19 , 2005

                                         /s/ Robert L. Miller, Jr.
                                         Chief Judge
                                         United States District Court